**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

CUNNINGHAM & ASSOCIATES, PLC, *et al.*,

                Plaintiffs,

        v.

ARAG, LLC, *et al.*,

                Defendants.

Civil Action No. 11-1983(BAH)
Judge Beryl A. Howell

---

## MEMORANDUM OPINION

Pending before the Court is defendants ARAG, LLC, ARAG Services, LLC, and ARAG Insurance Company's Motion to Compel Mediation or, in the Alternative, to Dismiss.  ECF No. 3.  The defendants contend, *inter alia*, that the contract underlying this dispute requires plaintiffs Cunningham & Associates, PLC and Joseph Cunningham to submit to mediation prior to proceeding with this case.  For the reasons explained below, the Court agrees and the defendants' motion to compel mediation is granted.

## I.      BACKGROUND

Plaintiffs Cunningham & Associates, PLC and Joseph Cunningham are a law firm and an attorney, respectively.  The plaintiffs' claims against the defendants, an insurance company and its affiliates, arise out of a contract entered between the parties in May 2007 under which the plaintiffs agreed to provide legal services to the defendants' insureds.[1]  Compl. ¶¶ 10-12.  The plaintiffs allege that the defendants abused their discretion under the contract to pay the plaintiffs reasonable fees for the representations of the defendants' policyholders.  *Id.* ¶ 18.  Specifically,

---

[1] The contract between the parties consists of three written agreements: The ARAG Attorney Network Application; the ARAG Attorney Agreement; and the ARAG North America Inc. Attorney Reimbursement Fee Schedule. Compl. ¶ 11.

the plaintiffs assert that legal representation associated with four of the defendants' insured demanded over 900 hours, for which the plaintiffs were collectively compensated approximately $2,300.00.  *Id.* ¶¶ 23-48.  The defendants then terminated their contract with the plaintiffs "without stating the basis for its termination but clearly resulting from its refusal to reimburse the plaintiffs for reasonable fees and expenses incurred."  *Id.* ¶ 21.

On October 4, 2011, the plaintiffs initiated this lawsuit against the defendants in Superior Court of the District of Columbia, alleging fraud in the inducement (Count I), negligent misrepresentation (Count II), breach of the implied contractual duty of good faith and fair dealing (Count III), Quantum Meruit (Count IV), unjust enrichment (Count V), and violations of the District of Columbia Consumer Protection Act (Count VI).  In compensation for their damages, the plaintiffs seek $1,062,860.00, plus interest, costs, and reasonable attorney's fees.

On November 7, 2011, the defendants removed the case to this Court pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity between the parties.[2]  ECF No. 1.  Shortly thereafter, on November 14, 2011, the defendants' filed the instant motion seeking to compel the plaintiffs to mediate the dispute in Des

---

[2] On January 5, 2012, the Court ordered the defendant to show cause why this case should not be dismissed for failure to properly demonstrate diversity of citizenship and the Court's jurisdiction over this case.  Specifically, the defendant's Notice of Removal from Superior Court indicated only that there is diversity between each party's "principal place of business," but plaintiff Cunningham & Associates, PLC, and defendants ARAG, LLC and ARAG Services, LLC are limited-liability companies.  The citizenship for diversity jurisdiction purposes of limited liability companies is determined by the citizenship of its members.  *Abedrabbo v. Topps Meat Co., LLC*, 756 F. Supp. 2d 18, 24 (D.D.C. 2010);  *Hoch v. Eli Lilly & Co.*, 736 F. Supp. 2d 219, 220 (D.D.C. 2010);  *see also Stamper v. Wilson & Associates, P.L.L.C.*, No. 3:09-cv-270, 2010 WL 1408585, at *10 (E.D. Tenn. Mar. 31, 2010) (concluding that a professional limited liability company's citizenship is that of its individual members).  On January 13, 2012, the defendants filed a response to the Court's order, alleging that plaintiff Joseph Cunningham is a citizen of the Commonwealth of Virginia and plaintiff Cunningham & Associates, PLC is a Virginia professional limited liability company whose sole member is Joseph Cunningham.  Defs.' Response to Show Cause Order, ECF No. 12, at 1.  The defendant further represented that defendants ARAG, LLC and ARAG Services, LLC are limited liability companies whose sole member is ARAG North America, Inc., an Iowa corporation with its principal place of business in the State of Iowa.  *Id.*  Defendant ARAG Insurance Company is an Iowa corporation with its principal place of business in the State of Iowa.  Compl. ¶ 5.  In light of the defendants' response to the Court's show cause order, the Court has determined that there is complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a).

Moines, Iowa prior to proceeding with this case or, in the alternative, to dismiss certain of the plaintiffs' claims.[3] This motion is currently pending before the Court.  As explained below, the defendants' motion to compel mediation is granted and this case shall be stayed for a period of forty-five days pending completion of mediation as required by the contract between the parties.

## II.    DISCUSSION

The defendants argue that the contract underlying this lawsuit contains an "express provision" that the parties are to mediate any dispute arising under the agreement, and the plaintiffs must therefore submit to such mediation prior to instituting an action in this Court. Defs.' Mem. Supp. Mot. Compel Mediation, ECF No. 3, at 4.  The Court agrees that the mediation provision in the contract clearly and unambiguously requires the parties to submit to a mediation session in Des Moines, Iowa.

"Under general contract law, the plain and unambiguous meaning of an instrument is controlling, and the Court determines the intention of the parties from the language used by the parties to express their agreement." *A-J Marine, Inc. v. Corfu Contractors, Inc.*, No. 07-cv-1642, 2011 WL 4048793, at *13 (D.D.C. Sept. 13, 2011) (quoting *Washington Metro. Area Transit Auth. v. Mergentime Corp.*, 626 F.2d 959, 961 (D.C. Cir. 1980)).  "Interpretation of a contract, like statutory and treaty interpretation, must begin with the plain meaning of the language." *AFGE, Local 2924 v. FLRA*, 470 F.3d 375, 381 (D.C. Cir. 2006).  "[W]here the language of the particular agreement or provision is clear and unambiguous, the Court must assume that the meaning ordinarily ascribed to the words used reflects the intentions of the parties." *Pillsbury Winthrop Shaw Pittman, LLP v. Capitol Hill Grp.*, 447 B.R. 387, 394 (D.D.C.2011).

---

[3] In the alternative, the defendants move to dismiss Count I, fraud in the inducement, for failure to plead the allegation with particularity pursuant to Fed. R. Civ. P. 9(b), and Counts IV, V, VI – quantum meruit, unjust enrichment, and violation of the D.C. Consumer Protection Act, respectively – for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

The contract between the parties provides in pertinent part under the section entitled "Mediation":

> Parties agree that should a disagreement arise, they will use their best efforts to cooperate in finding an appropriate solution. In the event a solution cannot be found, the parties agree to participate in at least four hours of mediation in accordance with the Commercial Mediation Procedures of American Arbitration Association to be held in Des Moines, Iowa. The parties agree to share equally in the costs of mediation. The mediation shall be administered by a mutually agreed upon mediator.

Compl., Ex. 2, ARAG Attorney Agreement, at §5.C. The plaintiffs do not dispute that this provision is express and unequivocal. This contractual language, combined with consideration of the "long-standing and very strong public policy in this country favoring mediation and settlement," strongly compels the Court to enforce this provision in the parties' agreement. *See Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 769 F. Supp. 2d 1065, 1068 (E.D. Tex. 2011).

Despite the clear terms of the contract, the plaintiffs contend that they should not be required to mediate this dispute in Iowa for four reasons. First, the plaintiffs contend that the defendants "waived any right to mediation under the parties' agreement" because they failed to respond in a timely manner during the parties initial negotiations regarding the location of a potential mediation session. Mem. Supp. Pls.' Opp'n Mot. Compel Mediation, ECF No. 9, at 11. The plaintiffs state that they requested the defendants to respond to their proposal "within ten (10) days," but "were compelled to file the instant action after receiving no further response from [the defendants] for almost a month and under the assumption that [the defendants] had forfeited any right to mediation." *Id*. The defendants, however, respond that the contract does not provide any procedure under which a party forfeits its right to mediation. Defs.' Reply, ECF No. 10, at 2. On this point, they are correct. While a waiver of contract terms may be implied from conduct, "the acts, conduct or circumstances relied upon to show waiver must make out a clear

4

case." *America v. Mills*, 654 F. Supp. 2d 28, 33 (D.D.C 2009) (internal quotation and citation

omitted). The defendants were not required by the relevant mediation provision, nor any other

provisions in the agreement, to respond within ten days to the plaintiffs' proposals. *See id.*

("[I]mplied waiver may be inferred by conduct or actions that mislead the breaching party into

*reasonably believing* that the rights to a claim arising from the breach was waived," quoting

*Long Island Sav. Bank, FSB v. United States*, 503 F.3d 1234, 1252 (Fed. Cir. 2007) (emphasis in

original)). This Court therefore declines to find a waiver by the defendants of the mediation

provision based upon the defendants' alleged silence during the ten-day period unilaterally

imposed by the plaintiffs.

Second, the plaintiffs contend that the defendants "lack [] any demonstrated interest in

settlement" and are using the mediation clause "simply to impose additional costs and expenses

on the Plaintiffs, and to drag out this litigation." Mem. Supp. Pls.' Opp'n Mot. Compel

Mediation, ECF No. 9, at 12. The defendants strongly refute this assertion, and state they have

"shown a willingness to compromise in this matter." Defs.' Reply, ECF No. 10, at 2. The Court

is certainly cognizant of the costs associated with the instant action, and will endeavor to resolve

this litigation in an expeditious manner, but the Court must also ensure that this dispute is

resolved in compliance with the express terms of the contract which both parties seek to enforce.

Third, the plaintiffs argue that mediation in Iowa, as per the terms of the agreement, is

not convenient and that there are no American Arbitration Association ("AAA") regional offices

in Iowa. Rather, the AAA has an office in the District of Columbia, where the plaintiffs reside,

and "it is unreasonable that the aggrieved party be forced to travel to Iowa to attend mediation."

Mem. Supp. Pls.' Opp'n Mot. Compel Mediation, ECF No. 9, at 12-13. This argument is also

misplaced. As the defendants note, "[a]lthough the mediation process would be initiated by a

filing in a regional AAA office, the actual mediation does not take place in the regional office"
but would be held in Iowa using an AAA-approved mediator.  Defs.' Reply, ECF No. 10, at 2-3.
Moreover, to the extent that the plaintiffs argue that it is "unreasonable" to travel to Iowa to
attend a mediation session, the plaintiffs, a law firm and a licensed attorney, agreed to this
contractual provision and are bound by its terms.  The provision by itself is not unreasonable
considering that the defendants reside in Iowa and sought to ensure that any mediation session
would not require them to travel to alternate locations.  The plaintiffs could have objected to this
condition before agreeing to the contract.  Lodging a belated objection to the location of the
mediation session here is to no avail.

Finally, the plaintiffs argue that the mediation clause in the contract should not be
enforced because it is "toothless," requiring only four hours of non-binding mediation.  Pls.'
Mem. Supp. Opp'n Mot. Compel Mediation, ECF No. 9, at 13.  Whether or not it is reasonable
to expect that four hours of mediation will resolve this dispute, the plaintiffs agreed to this clause
and must abide by its provisions.  *See Leake v. Prensky*, 798 F. Supp. 2d 254, 259 (D.D.C. 2011)
(stating that while the Court "empathize[d]" with a party, "it cannot grant relief contrary to the
clear terms of the contract.").  Indeed, mediation may prove highly beneficial to the parties in at
least clarifying and narrowing, if not resolving, the plaintiffs' claims.

As discussed above, the contract between the parties requires the plaintiffs to submit to
four hours of mediation in Des Moines, Iowa prior to proceeding with this lawsuit.  The
defendants request the Court to stay this case pending completion of mediation.  This request is
granted.  *See Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008)
("[T]he proper course of action when a party seeks to invoke an arbitration clause is to stay the
proceedings," quoting *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir.

6

2005)); *Swartz v. Westminister Services, Inc.*, No. 8:10-cv-1722, 2010 WL 3522141, at *1 (M.D.

Fla. Sept. 8, 2010) (stating that "courts routinely stay . . . proceedings to allow for

implementation of the agreed-upon dispute resolution mechanism" and collecting cases to that

effect);  *N-Tron Corp. v. Rockwell Automation, Inc.*, No. 09-cv-0733, 2010 WL 653760, at *7

(S.D. Ala. Feb. 18, 2010) (same). Since the mediation session is required to last only four hours,

however, the stay of this case pending mediation will extend for only forty-five days.  On or

before the end of the forty-five day period, the Court directs the parties to file a joint status report

detailing the status of the case, including whether the mediation session was successful in

resolving this matter.

## III.     CONCLUSION

For the forgoing reasons, the defendants' motion to compel mediation is granted.  This

case shall be stayed for forty-five days pending completion of mediation as provided in the

contract between the parties.  An Order consistent with this Memorandum Opinion shall be

entered.

 **DATE: JANUARY 31, 2012**

/s/ *Beryl A. Howell*          
BERYL A. HOWELL
United States District Judge